IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DR. CLYDE V. ALEXANDER, JR.,     )
     )
     Plaintiff,     )
     )
VS.     )     No. 05-1300-T-An
     )
JODY CHAPNICK,     )
     )
     Defendant.     )

---

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
DEFENDANT'S MOTION TO DISMISS

---

Plaintiff Clyde V. Alexander, Jr., filed this action against Defendant Jody Chapnick in the Chancery Court of Madison County, Tennessee, for the alleged breach of contract and breach of fiduciary duty. Defendant removed the action to this court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Defendant has filed a motion to dismiss, and Plaintiff has responded to the motion. Defendant has filed a reply to Plaintiff's response. For the reasons set forth below, Defendant's motion is PARTIALLY GRANTED and PARTIALLY DENIED.

A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff would not be entitled to relief even if the factual allegations were proven. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be taken as true, Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir. 1989), and it must be apparent that the

plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hammond, 866 F.2d at 175. The complaint must be read in the light most favorable to the plaintiff. Allard v. Weitzman (In re Delorian Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).

In his motion to dismiss, Defendant contends that Plaintiff's breach of contract claim is barred by the applicable statute of limitations. Defendant also contends that the claim for breach of fiduciary duty should be dismissed because (1) he did not owe a fiduciary duty to Plaintiff; (2) the claim is barred by the statute of limitations; and (3) Plaintiff did not incur any damages as the result of the alleged breach.

The complaint alleges that, in late 1997, Defendant approached Plaintiff and solicited his participation in an investment group known as the "Chapnick Group." The Chapnick Group was formed for the purpose of making a substantial investment in a company called Spray-Tek, Inc. Defendant was the sole representative for the Chapnick Group in negotiating with Spray-Tek regarding the terms and conditions of the Group's investment in Spray-Tek. Defendant transmitted all information concerning the investment to members of the Group.

Defendant negotiated to buy twenty per cent of the outstanding Spray-Tek stock for the Group. Defendant promised Plaintiff that he would receive an additional share of Spray-Tek stock if he purchased a substantial part of the Group's investment. Plaintiff agreed to purchase 12.5 shares, which was a substantial part of the Group's investment.

Prior to the closing of the stock transaction, Defendant told Plaintiff that he had to offer one of the Spray-Tek shares that Plaintiff intended to purchase to another investor to

2

insure that investor's participation in the transaction.  Plaintiff agreed to relinquish one share which reduced his participation to 11.5 shares.  Plaintiff alleges that Defendant, himself, actually bought that one share of stock, rather than offering it to another investor.

Defendant allegedly told Plaintiff that Spray-Tek had given him two additional shares of stock in recognition of Defendant's efforts in obtaining the investment made by the Group.  Defendant told Plaintiff that he could have one of these shares, but Plaintiff never received the share.  Subsequently, Plaintiff learned that the cost of the two additional shares was allocated to the purchase price paid by Plaintiff and other members of the Group, thus causing each member to pay almost $8,800 per share more than if Spray-Tek had actually contributed the additional shares or if Defendant had paid for the shares.

Plaintiff further alleges that, when he executed the stock purchase agreement for his 11.5 shares of stock, there had been a material change in the financial position of Spray-Tek that "substantially impacted the computational formula that had been used to determine the price paid for Spray-Tek stock by the investors in the Chapnick Group."  Complaint at para. 25.  Plaintiff alleges that Defendant knew or should have known of this material change and should have taken steps to protect the interests of the Group.  Plaintiff also alleges that Defendant failed to monitor Spray-Tek's compliance with the terms of the stock purchase agreement.

Breach of Contract Claim

According to Defendant, Plaintiff's breach of contract claim is barred by the applicable statutes of limitation. The statute of limitations for a state law claim of breach of contract is set forth at T.C.A. § 28-3-109(a)(3). That section provides that "[a]ctions on contracts not otherwise expressly provided for" shall be commenced within six years of the accrual of the cause of action. The six year statute is not a "discovery rule" statute; instead, the statute begins to run from the date of the alleged breach. Dean Witter Reynolds, Inc. v. McCoy, 853 F. Supp. 1023, 1036 (E.D. Tenn. 1994), aff'd, 70 F.3d 1271 (6th Cir. 1995).

As part of his claim, Plaintiff relies on a purported oral contract with Defendant pursuant to which Defendant agreed to provide Plaintiff with an extra share of stock in return for Plaintiff's substantial participation as an investor.[1]  With the extra share, Plaintiff would have purchased 12.5 shares. Prior to the execution of the stock sale agreement, Plaintiff relinquished his right to the extra share based on Defendant's representation that he needed to offer the share to another investor. Plaintiff executed a stock sale agreement on June 30, 1998, in which he agreed to purchase 11.5 shares of Spray-Tek stock. Thus, Plaintiff knew on or before June 30, 1998, that he would not be allowed to purchase the extra share. The complaint was filed on August 26, 2005, which is clearly more than six years after June 30, 1998. Consequently, this portion of Plaintiff's breach of contract claim must be dismissed.

Plaintiff also relies on Defendant's alleged failure to give him one of the two shares

---

[1] The court has accepted Plaintiff's version of the facts for the purpose of deciding this motion only.

4

that Spray-Tek purportedly gave Defendant in recognition of his assistance in forming the Chapnick Group.  The complaint alleges that, in response to Plaintiff's inquiries regarding this additional share, Defendant told him that he could not give him the share because he did not want Manual Garcia, Spray-Tek's president, to know that Plaintiff had received an extra share.  Plaintiff accepted this explanation because he believed that Spray-Tek had borne the cost of the additional share.  No dates concerning this incident are mentioned in the complaint, and the parties have offered no evidence as to when Plaintiff was told that he would receive the share and when he was told that he would not receive the share.

Plaintiff argues that the complaint should not be dismissed because, according to Plaintiff, the statute of limitations did not begin until a "reasonable time" for performance had lapsed and what constitutes a "reasonable time" is a jury question.  Defendant's position is that his performance was due when Plaintiff completed his own performance. Defendant relies on section 234 of the *Restatement (Second) of Contracts* which provides, "Where all or part of the performances to be exchanged under an exchange of promises can be rendered simultaneously, they are to that extent due simultaneously, unless the language or the circumstances indicate the contrary." According to Defendant, because Plaintiff has not made any allegations in the complaint that the contract or the circumstances surrounding the alleged contract contemplated something other than simultaneous performance, the parties' performances were due simultaneously.

Defendant is in error. At this juncture, the burden is on Defendant to demonstrate that Plaintiff has failed to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12.

A statute of limitations defense may be raised on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim has passed.  See Hoover v. Langston Equipment Associates, Inc., 958 F.2d 742 (6th Cir. 1992).  In the present case, it is not apparent from the face of the complaint that Plaintiff's time limit for filing the complaint had passed prior to his filing suit.

Tennessee law provides that when no time for performance is specified, "a reasonable time is implied." Minor v. Minor, 863 S.W.2d 51, 54 (Tenn. App.1993).  In Minor, the court explained as follows:

> Where no provision is made in the contract for performance, a reasonable time is implied. Completion of a contract within a reasonable time is sufficient if no time is stipulated. Where the parties have not clearly expressed the duration of the contract, or where the duration of the contract is indefinite, the courts will imply that they intended performance to continue for a reasonable time. 17A Am.Jur.2d *Contracts* § 479 (1991).

> Based upon the foregoing, we find, as a matter of law, that the general reasonable time standard is applicable to those contracts containing conditions precedent, regardless of whether the performance contingency is wholly or partially within the control of the obligor.

See also Moore v. Moore, 603 S.W.2d 736, 739 (Tenn. App.1980) (holding that "a qualifying word which may be read into every contract is the word 'reasonable,' or its equivalent 'reasonably.'").  Concerning what constitutes a "reasonable time," the Minor court went on to explain:

> What constitutes a reasonable time within which an act is to be performed where a contract is silent upon the subject depends on the subject matter of the contract, the situation of the parties, their intention in what they contemplated at the time the contract was made, and the circumstances attending the performance.

6

863 S.W.2d at 54 (quoting from 17A Am. Jur.2d *Contracts* § 479 (1991)).   Thus, in construing a contract, the court must look at the language and the parties' intent and impose a construction that is fair and reasonable. <u>ACG, Inc. v. Southeast Elevator, Inc.</u>, 912 S.W.2d 163 (Tenn. App.1995).

The court cannot determine from the face of the complaint when Defendant was supposed to deliver the additional share; therefore, the court must conclude pursuant to <u>Minor</u> that Defendant's performance was due within a "reasonable time."   Because the determination of what constitutes a reasonable time for the performance of a contract is within the province of the jury, summary judgment on this portion of Plaintiff's breach of contract claim is denied.

Breach of Fiduciary Duty Claim

Next, Defendant contends that Plaintiff's breach of fiduciary duty claim should be dismissed on the ground that there was no fiduciary relationship between Plaintiff and Defendant and, therefore, no breach of fiduciary duty could occur. Fiduciary relationships may arise whenever confidence is reposed by one party in another who exercises dominion and influence. <u>Oak Ridge Precision Industries, Inc. v. First Tennessee Bank Nat. Ass'n</u>, 835 S.W.2d 25, 30 (Tenn. App.1992). A fiduciary duty is the duty to act primarily for another's benefit. <u>McRedmond v. Estate of Marianelli</u>, 46 S.W.3d 730, 738 (Tenn. App.2000).   In order to state a claim for a breach of fiduciary duty, the plaintiff must plead that the defendant had a "duty to act primarily for [the plaintiff's] benefit." <u>Id.</u>

7

In the present case, Plaintiff has sufficiently alleged that "Defendant owed Plaintiff fiduciary duties including, but not limited to, the duties of loyalty, due care, and a duty against self-dealing." Complaint at para. 40.  Plaintiff further alleged that "Defendant violated his fiduciary duties by (i) withholding from Plaintiff material information ... (ii) failing to monitor the terms, conditions, and consummation of the stock purchase transaction in which Defendant served as Plaintiff's sole agent and fiduciary; (iii) misrepresenting to Plaintiff the use of the share of Spray-Tek stock that Plaintiff relinquished at Defendant's request; (iv) acquiring for his own use and benefit the share of Spray-Tek stock that Defendant had deceptively caused Plaintiff to relinquish; (v) misrepresenting to Plaintiff the reasons why the Defendant failed to provide Plaintiff with the additional share of stock ... and (vi) taking for his own use and benefit the additional share of stock that Defendant had promised to Plaintiff ...." Complaint at para 41.  Because Plaintiff has adequately pled a claim for breach of fiduciary duty, Defendant's motion on this ground is denied.

Next, Defendant argues that Plaintiff's claim is barred by the three year statute of limitations found at T.C.A. § 28-3-105.[2]  Specifically, Defendant states that Plaintiff's allegations that Defendant withheld information concerning the terms and conditions of the stock purchase, failed to monitor the terms and conditions and consummation of the stock purchase, misrepresented to Plaintiff the use of the share of shock that Plaintiff relinquished

---

[2] The parties have assumed that a three year statute of limitations applies to Plaintiff's claim although some courts have applied a six year statute of limitations to breach of fiduciary claims.  See, e.g., Dean Witter Reynolds, Inc. v. M.C. McCoy, 853 F. Supp. 1023 (E.D. Tenn. 1994) ( "[B]reach of fiduciary duty claims under Tennessee law are quasi-contractual in nature and the applicable statute of limitations is six years pursuant to Tenn. Code Ann. § 28-3-109(a)(3).")  Because the court's decision would be the same using either statute, the court need not decide at this point which statute of limitations applies to Plaintiff's claim.

at Defendant's request, acquired for his own use the share of stock, and misrepresented to Plaintiff the reasons why he failed to provide Plaintiff with the additional share must have occurred in 1998 when the stock purchase agreement was executed.

Plaintiff responds that he did not know about Defendant's alleged deception until August 2004 when he received a copy of Defendant's deposition and certain financial reports from Spray-Tek. According to Plaintiff, the running of the statute of limitations should be tolled under the equitable doctrine of fraudulent concealment.

Plaintiff has the burden of proving the elements of fraudulent concealment including his own diligence in discovering the facts underlying his cause of action. Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991). In order to establish fraudulent concealment under Tennessee law, Plaintiff is required to prove two elements: (1) that Defendant took affirmative action to conceal Plaintiff's cause of action; and (2) that Plaintiff could not have discovered the existence of the cause of action despite exercising reasonable diligence. Duncan v. Leeds, 742 F.2d 989, 992 (6th Cir.1984); Harvey v. Martin, 714 F.2d 650, 653 (6th Cir.1983); Willis v. Smith, 683 S.W.2d 682, 688-89 (Tenn. App.1984).

In the present case, to the extent that Plaintiff's breach of fiduciary claim relates to Defendant's failure to allow him to purchase 12.5 shares, as opposed to 11.5 shares, that claim is barred by the statute of limitations as the alleged breach occurred in 1998 and Plaintiff knew of the breach at that time. Also, Plaintiff's allegation that Defendant breached his fiduciary duty by allocating the purchase price of two shares of stock to the other investors is barred by the statute of limitations because Plaintiff could have determined this

9

from the stock sale agreement itself in 1998.[3]

On all other allegations relating to this claim, there is a factual dispute at this juncture as to whether Defendant concealed his actions and whether Plaintiff could have discovered the existence of his cause of action by exercising reasonable diligence. Therefore, Defendant's motion is denied as to these allegations without prejudice to re-filing after the record is more complete.

Finally, Defendant contends that Plaintiff has not sufficiently alleged that any damages flowed from Defendant's alleged breach of fiduciary duty. As noted by Plaintiff, the statement in the complaint that he sustained damages from Defendant's alleged breach "in an amount to be proved at trial" is sufficient under Fed. R. Civ. P. 8(a) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks.")

<u>Failure to Join Spray-Tek as a Defendant</u>

Defendant also contends that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(7) for failure to join Spray-Tek as a defendant. This rule provides that a complaint may be dismissed for failure to join a party under Rule 19. Rule 19(a) provides as follows:

> Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's

---

[3] The agreement provided that Plaintiff would purchase 11.5 shares for $1,423,809.48, which resulted in a price per share of $123,890.52. The total number of shares issued was 28.25 with a total purchase price of $3,250,000. The total purchase price divided by the price per share shows that only 26.25 shares were purchased by the Group. Thus, Plaintiff was put on notice in 1998, when the agreement was signed, that the Group was paying for Defendant's two additional shares.

10

absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

"The burden is on the party raising the defense [of failure to join an indispensable party] to show that the person or entity who was not joined is needed for a just adjudication." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure 3d* § 1609, p. 129-30. However, when "an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court." Boles v. Greenville Housing Auth., 468 F.2d 476, 478 (6th Cir.1972). Thus, Defendant initially must set forth facts which reveal the possibility that Spray-Tek is arguably indispensable; if he does so, then Plaintiff must negate Spray-Tek's indispensability.

Pursuant to Rule 19(a), Spray-Tek is a necessary party if (1) in Spray-Tek's absence, complete relief cannot be accorded to the parties; or (2) Spray-Tek claims an interest relating to the subject of the action and is so situated that the disposition of the action in Spray-Tek's absence may (i) as a practical matter impair or impede Spray-Tek's ability to protect that

11

interest or (ii) leave Defendant subject to a substantial risk of double, multiple, or inconsistent obligations by reason of the claimed interest. Defendant contends that one of the central issues in this action is whether Spray-Tek breached the stock sale agreement. The court does not read the complaint as broadly as Defendant does. Plaintiff's allegations concern whether Defendant breached his contract with Plaintiff and whether Defendant breached his fiduciary duty to Plaintiff. The trier of fact could find that Defendant breached his contract with Plaintiff and breached his fiduciary duty to Plaintiff without also finding that Spray-Tek breached its contract with the Group. Moreover, there are no allegations showing that Spray-Tek owed a fiduciary duty to Plaintiff. Because Spray-Tek is not a necessary party, it is not an indispensable party requiring dismissal of Plaintiffs' lawsuit.

<u>Summary and Conclusion</u>

In summary, Defendant's motion to dismiss is PARTIALLY GRANTED and PARTIALLY DENIED. The motion is granted as to the portion of the complaint which alleges that Defendant breached his contract with Plaintiff when he did not allow Plaintiff to purchase 12.5 shares of stock as opposed to the 11.5 shares that Plaintiff actually purchased. The motion is denied on the remaining portions of Plaintiff's breach of contract claim. The motion is granted on the portions on the complaint which allege that Defendant breached his fiduciary duty to Plaintiff by not allowing him to purchase 12.5 shares of stock and by allocating to the Group the purchase price of the two additional shares that Defendant received. The motion is denied as to the remaining portions of Plaintiff's breach of fiduciary duty claim. IT IS SO ORDERED.

**S/James D. Todd**

JAMES D. TODD

UNITED STATES DISTRICT JUDGE

13